In the Matter of SOL NADELSON, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, NEW YORK COUNTY LAWYERS' ASSOCIATION and the BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, February 6, 1969.

*Angelo T. Cometa* (*Edward C. Walsh* with him on the brief), for petitioner.

*Richard A. Nachman* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in 1942 and has been in practice following military service since then. The charges brought by the Co-ordinating Committee are the first ever filed against him.

On March 18, 1967, respondent was retained to represent an infant who had been injured in an accident the previous day while driving her automobile. He saw her the following day, a Sunday, and advised her to consult her doctor. That evening the infant was in another accident. She saw her doctor the following day. She did not advise him that she had been in two accidents, although she did inform respondent. Respondent wrote claim letters in regard to both accidents and was in touch with the insurance carriers for both the potential defendants.

In the course of settlement negotiations one carrier asked for medical bills and reports. The doctor's report only mentioned one accident, that occurring on the second date, March 19. Respondent sought to have a report for each accident, but the doctor refused, stating that he could not segregate the injuries attributable to each. Respondent then altered the accident date on the report. He sent a photocopy of the altered report to the carrier insuring for the accident of the 17th, and a photocopy of the unaltered report to the carrier insuring against the accident on the 19th. The carrier for the first accident, unaware of the second, offered $900 in settlement, which was accepted. Respondent drew papers for the approval of the settlement for the court, including an affidavit for the doctor in which all the injuries he found are attributed to that accident. The doctor executed the affidavit and the papers were submitted. Thereafter the carrier discovered the facts and withdrew its offer.

The alteration of the report constitutes the first charge, and the submission of the affidavit the second. The Referee found the facts as stated but also found that there was no proof of an intention to mislead. As to the latter, we are unable to agree. While it is very possible that respondent regarded the matter as of minor significance and made the alteration and concealed the existence of two accidents from the court to avoid an annoying situation, there can be no doubt that he did both to create an impression that he knew to be false. His conduct, though understandable, is not excusable.

A third charge, of testifying falsely before the committee, was not to be sustained, and we concur in that result.

Respondent's conduct violated canons 15 and 22 of the Canons of Professional Ethics and would be reprehensible even in the absence of express prohibition. When such conduct is repeated, a substantial sanction is in order (*Matter of Ander*, 22 A D 2d 14). However, we have recognized before, as we do here, that where the circumstances are in themselves somewhat extenuating and the infraction induced more by a senseless expediency than venality, a lesser sanction is in order (*Matter of Pegalis*, 30 A D 2d 390).

Respondent should be suspended from practice for a period of six months.

STEVENS, P. J., EAGER, STEUER, CAPOZZOLI and TILZER, JJ., concur.

Respondent suspended for a period of six months, effective March 6, 1969.