In the Matter of STANLEY KANAREK, an Attorney, Respondent. EDWARD MARGOLIN, Petitioner.

Second Department, February 2, 1970.

*Edward Margolin,* petitioner in person.

*Sachs & Hanrahan* (*William F. Hanrahan* of counsel), for respondent.

*Per Curiam.* In this disciplinary proceeding the respondent moves to confirm the report of Mr. Justice ALBERT in which it was found (a) that the respondent had been convicted in a Federal court of a crime which constitutes a misdemeanor under the laws of this State, but (b) that any presumption therefrom of the respondent's unfitness to remain a member of the Bar had been overcome by the evidence adduced upon the hearing before Justice ALBERT. The petitioner cross-moves to confirm the report as to the said item (a) of these findings and to disaffirm the report as to the said item (b) of these findings.

It is alleged in the petition (par. 5, subpars. A and B) that, on January 27, 1966 the respondent and 12 other individuals were indicted in the United States District Court for the Eastern District of New York upon 30 counts charging that the defendants, *inter alia,* willfully and knowingly employed a scheme to defraud potential purchasers of certain securities.

The 30th count of the indictment charged a conspiracy to violate provisions of the United States Code (tit. 15, § 77q, subd. [a]; tit. 18, § 1341) by use of the United States mails and other instrumentalities of interstate commerce. Of the more than 20 overt acts therein set forth, the respondent was an alleged participant in only three, i.e., that in September, 1960, he and other defendants and another coconspirator attended a meeting in New York City; and he, another defendant and the same coconspirator had two conversations, one in Miami Beach in June, 1961, concerning the poor financial condition of the corporation whose securities were involved in the scheme, and the other in August, 1961, by virtue of which the respondent and this other defendant caused another corporation (which the respondent represented as its attorney and which was to be the underwriter of the subject corporation's stock issue) to decline to sign a Securities and Exchange Commission "Regulation A" report concerning the projected public offering and sale of the subject corporation's stock.

The petition continues (par. 5, subpar. B) that on May 4, 1966 the respondent was convicted upon his plea of guilty on the 30th count and was thereafter fined $1,000. The record discloses that imposition of a sentence of imprisonment in addition to the fine was suspended; that the respondent was placed on probation for five years; and that all other counts of the indictment as against him were dismissed.

The petition further alleges (par. 5, subpar. C) that the crime of conspiracy of which the respondent stands convicted is a misdemeanor under the laws of this State (see former Penal Law, § 580 *et seq.*; present Penal Law, § 105.00 *et seq.*) and that the substantive acts alleged in counts one through 29 of the indictment "constitute acts of moral turpitude, namely, acts involving fraud and deceit, all of which was professional misconduct and prejudicial to the administration of justice."

In his answer to the petition, the respondent admitted that the indictment was returned and that he had pleaded guilty to the 30th count thereof, alleging conspiracy, and that such conspiracy is a misdemeanor under the laws of this State.

At the hearing before Justice ALBERT, the petitioner's proof consisted solely of documentary evidence of the respondent's admission to the Bar, the indictment, the plea of guilty and the sentence.

On the respondent's behalf, the attorney who had represented him in the criminal proceeding testified that throughout that proceeding the respondent had steadfastly maintained his innocence, but that nevertheless he (this witness) had concluded and advised the respondent that, in view of the multiplicity of defendants, the number of counts, a remark by the Federal prosecutor suggesting that the respondent's role in the situation had been minor, and the witness' belief that one or more of the codefendants would try to place the blame on the respondent because he was a lawyer, it would be best to plead guilty to the misdemeanor count and thus "dispose of the serious indictment containing charges of 29 other substantive counts of felonies."

The respondent testified that in his practice he specialized in corporate and securities law and had represented the underwriting corporation for approximately four years. He did not share any part of the money derived from the public offering in question and his only compensation was his fee for legal services rendered. He further testified that the secretary-treasurer of the underwriting corporation — an attorney who had been charged in the indictment for substantially the same activities as those attributed to the respondent — had been acquitted

after trial and that the Florida attorney who had prepared the prospectus as counsel for the issuing corporation, which the respondent had merely reviewed, had not been indicted. The respondent insisted that he had no knowledge of financial irregularities or the poor financial condition of the issuing corporation at the time of the filing of the "Regulation A" report and that it was his understanding of the applicable rules of the Securities and Exchange Commission that it was not necessary for the underwriting corporation to sign such report.

On the basis of the evidence adduced, the Justice found that the petitioner had established the allegations of misconduct specified in subparagraphs A and B of paragraph 5 of the petition and so much of subparagraph C as alleged the respondent's conviction of a crime constituting a misdemeanor under the laws of the State of New York. He further found that the evidence overcame any presumption of the respondent's unfitness to continue the practice of law.

The Federal court judgment convicting the respondent of this misdemeanor is prima facie proof of the crime charged and of his unfitness to practice law (*Matter of Keogh,* 17 N Y 2d 479). However, as stated in *Keogh* (p. 481): "fairness and justice suggest that there be a wide range of inquiry as to facts which have a bearing on the ultimate issue of * * * [the respondent's] fitness to continue as a member of the Bar".

It appears from the record that the respondent co-operated fully with the United States Attorney and with the petitioner. It further appears that the respondent previously enjoyed a good reputation and has not heretofore been involved in any disciplinary proceedings. However, his actions in this instance constitute professional misconduct and cannot be condoned. Under the circumstances, we are of the opinion that a censure is an appropriate measure of discipline. Accordingly, the respondent's motion to confirm the report is granted, the petitioner's cross motion is denied insofar as it seeks to disaffirm the report, and an order should be made censuring the respondent.

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Respondent's motion granted, petitioner's cross motion denied insofar as it is to disaffirm the report in part, and respondent is herewith censured for the conduct of which he has herein been found guilty.