In the Matter of MARTIN ALAN DANOFF, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, September 30, 1975

*John G. Bonomi* of counsel *(Morris Gutt* with him on the brief), for petitioner.

*Frederick H. Block* for respondent.

*Per Curiam.* Respondent, aged 39, was admitted to practice in the Second Judicial Department on October 18, 1961. He is charged with serious professional misconduct in that he falsely submitted identical claims for personal injuries arising out of two separate automobile accidents to two different insurance carriers in order to defraud them; that he submitted false medical bills; that he received a "kickback" from a doctor to whom medical payments were made; and, that' he submitted a false loss of earnings claim on behalf of a client. The clients involved were members of respondent's family and the claims arose out of an accident occurring August 1, 1971, which involved a car driven by respondent in which his wife and aunt were passengers, and a later accident on August 3, 1971, involving a car operated by respondent's wife, in which his son was a passenger. Respondent's answer admitted all of the charges except the one charging a "kickback" arrangement with the physician.

On the basis of the pleadings and the evidence produced at the hearing before the Referee, the charges were fully sustained and proven. The report of the Referee sustaining the charges of professional misconduct should therefore be confirmed.

At the hearing, respondent in alleging extenuating circumstances, relied principally upon the death of infant sextuplets shortly after his wife gave birth in May, 1970 and the death of his father in April, 1971, after a long struggle with cancer. Respondent collected the sum of $1,245 upon one of the

claims, which sum was returned by respondent to the insurance company, apparently after these charges were filed. The report of two psychiatrists, one the respondent's own psychiatrist, and the other a court-appointed psychiatrist, both find respondent to be in all respects normal, without any indication of "criminality" or "psychopathic personality," but state that it is conceivable that his misconduct was the result of the pressure caused by the birth and death of the sextuplets and his father's terminal illness and death.

Although these unfortunate events are somewhat widely separated in time from the acts upon which the present charges are based, in light of the absence of any prior charges of professional misconduct and the testimony of the character witnesses with respect to respondent's good character, we are inclined to be lenient in our disposition.

The charges of serious professional misconduct are sustained and the respondent is suspended for a period of six months.

STEVENS, P. J., KUPFERMAN, MURPHY, LANE and NUNEZ, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of six months, effective October 30, 1975.