[598 NYS2d 302]

In the Matter of DONALD A. ROSALES (Admitted as DONALD ADOLFO ROSALES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 1, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the charge of professional misconduct asserted against the respondent. The petitioner moved to confirm the report of the Special Referee.

The petition charged the respondent with conduct involving dishonesty, fraud, deceit, and misrepresentation arising from his retainer by Maria Piedra in or about 1981, to represent her in numerous legal matters. In or about March 1983 the respondent prepared a contract for the sale of real property owned by Ms. Piedra at 21-54 44th Drive, Long Island City, to Thomas E. Vanover, Jr., and Sumeth Methrujpanont for $33,000. The contract was executed in the respondent's presence on or about March 29, 1983. Title closed on or about July 13, 1983.

During the closing, the purchasers hand-delivered approximately $30,000 in cash to Rolando Lugo, the respondent's paralegal and agent. The respondent was aware that this cash payment, which he delivered to Ms. Piedra, represented payment for the subject property *in addition* to the $33,000 purchase price stated in the contract of sale. The respondent further knew that the purpose of paying part of the actual purchase price in cash was to assist his client in evading payment of required taxes in connection with the subject real estate transaction.

Based on the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained the aforesaid charge of professional misconduct. By his conduct, the respondent violated Code of Professional Responsibility DR 7-102 (A) (7), which provides that in representing a client, a lawyer shall not counsel or assist the client in conduct that the lawyer knows to be illegal or fraudulent. Accordingly, the report of the Special Referee sustaining the charge of professional misconduct against the respondent is confirmed.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the numerous difficulties which the respondent experienced with this client, his prior unblemished record, and the absence of any claim that the respondent personally profited from his own misconduct. Under the circumstances of this case, the respondent is censured for his misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, BALLETTA and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Donald A. Rosales, admitted under the name Donald Adolfo Rosales, is hereby censured for his professional misconduct.