[636 NYS2d 38]

In the Matter of WILLIAM M. LESSER (Admitted as WILLIAM MELVILLE LESSER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 28, 1995

## APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Ronald M. Kleinberg* of counsel *(Meissner, Kleinberg & Finkel,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, William M. Lesser, was admitted to the practice of law in the State of New York by the First Judicial Department, as William Melville Lesser, on March 23, 1959.

On April 29, 1994, respondent pleaded guilty in the Supreme Court of the State of New York, Kings County, to one count of conspiracy in the sixth degree, a misdemeanor. On July 11, 1994, respondent was sentenced to a conditional discharge and ordered to pay $25,000 to the New York State Lawyers' Fund for Client Protection.

On October 19, 1994, the Departmental Disciplinary Committee filed a "serious crime" petition against respondent pursuant to 22 NYCRR 603.12. By order of this Court dated January 13, 1995, respondent's crime was deemed to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) and this matter was referred to a Hearing Panel for a hearing and to recommend the appropriate sanction (M-5441).

In 1991, respondent was a personal injury lawyer who was representing a client who was in a car accident. The allegation was that the client suffered a bulging disk of the spine. While the trial was pending, the client was in a second car accident. Although the CAT Scan taken prior to the second accident indicated that the client was suffering from a bulging disk, the CAT Scan report after the second accident indicated no such bulge. Respondent called the physician who prepared the second report and essentially asked him or agreed that the report should be made consistent with the first report.

At the hearing, respondent claimed that it was the physician who suggested that the report be changed and he merely agreed with him. In any case, respondent conceded that what he did was wrong. In mitigation, he pointed out that he never used the report and in fact destroyed it.

Also as mitigating factors, the Hearing Panel took into account that respondent had practiced law for 35 years without other recorded misbehavior and his record contains some public service. The Hearing Panel also took into account that no harm was caused by the conduct that he acknowledged. In addition, the Hearing Panel noted that it had received a great many letters and affirmations in favor of respondent. After reviewing the evidence and making the findings discussed above, the Hearing Panel recommended that respondent be publicly censured.

We note that in two prior cases involving attorneys who altered medical reports or submitted false medical reports to insurance companies, the attorneys were suspended for a period of six months (*Matter of Danoff*, 49 AD2d 106; *Matter of Nadelson*, 31 AD2d 280). However, unlike those cases, respondent's conduct is less egregious because he destroyed the report and never submitted it to any insurance company. Also, we take cognizance of the other mitigating circumstances found by the Hearing Panel. Accordingly, the Departmental Disciplinary Committee's motion to confirm the Hearing Panel's findings of fact and conclusions of law and impose the sanction of public censure upon respondent is granted.

ELLERIN, J. P., RUBIN, KUPFERMAN, ASCH and NARDELLI, JJ., concur.

Motion granted, and respondent censured.