[647 NYS2d 857]

In the Matter of Martin H. Scher, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, September 30, 1996

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

*Sarah Diane McShea,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with one allegation of professional misconduct. The Special Referee sustained the charge. The respondent has cross-moved to confirm the Special Referee's report, except as to certain specifications, and to impose a private reprimand or, at most, a public censure upon the respondent.

The petition alleges that the respondent engaged in illegal conduct and has been convicted of a Federal misdemeanor.

The respondent represented Amerford International Corporation in some of its labor relations matters. The respondent was asked by Amerford in late 1990 to negotiate a new collective bargaining agreement with Local 705 of the International Brotherhood of Teamsters. In order to cut its financial losses, Amerford sought to eliminate its Chicago trucking division. The respondent then began a lengthy and acrimonious series of negotiations with the Chicago representatives of Local 705.

Unbeknownst to the respondent at the time, Amerford agreed in 1991 to make an improper payment to a high-ranking official of Local 705. At a meeting in mid-July 1991, after months of negotiations, an Amerford representative said in the respondent's presence that Amerford was going to make a payment to a Local 705 official. We note, however, that there is no evidence that an improper payment was ever made to Local 705 or any union official.

On April 5, 1994, the respondent pleaded guilty in the United States District Court for the Eastern District of New York to a one-count information which charged him with failing to advise his client to file a required report with the Secretary of Labor detailing his client's agreement to make a payment to a labor union official, in violation of 29 USC § 433 (a) and § 439 (a). He admitted that he had failed to investigate whether his client had agreed to make an illegal payment to a labor union official and that because of his failure to look into the matter further, he also failed to advise his client to file a required report with the Department of Labor.

On August 23, 1994, the Honorable Carol Amon sentenced the respondent to one year's probation, a fine of $5,000, a special assessment of $25, and 250 hours of community service.

By reason of the foregoing, the respondent is guilty of professional misconduct in violation of Code of Professional Responsi-

bility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]) and DR 7-102 (A) (7) (22 NYCRR 1200.33 [a] [7]).

Based on the Stipulation of Facts and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that violations of DR 1-102 (A) (8) and DR 7-102 (A) (7) are sustained. The respondent's cross motion is granted to the extent that other violations have not been sustained.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including the character witnesses who testified on his behalf, and his extensive community service. Under the totality of circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee and the respondent's cross motion to confirm the report, except as to certain specifications, are granted to the extent that violations of DR 1-102 (A) (8) and DR 7-102 (A) (7) are sustained; and it is further

Ordered that the respondent, Martin H. Scher, is hereby censured.