Matter of Jankoff (2018 NY Slip Op 06148)





Matter of Jankoff


2018 NY Slip Op 06148


Decided on September 20, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 20, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Sallie Manzanet-Daniels
Richard T. Andrias, Justices.


&em;

[*1]In the Matter of John H. Jankoff (admitted as John Henry Jankoff), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John H. Jankoff, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Henry Jankoff, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 23, 1968.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Si Aydiner, Esq. and Denice Szekely, Esq., of counsel), for petitioner.
Michael S. Ross, Esq. for respondent.



PER CURIAM


Respondent, John H. Jankoff, was admitted to the practice of law in the State of New York by the First Judicial Department on December 23, 1968, under the name John Henry Jankoff. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of certain misconduct in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) because he counseled a client to engage in conduct he knew was illegal or fraudulent and misrepresented his personal experience and knowledge during a meeting with the client. Specifically, respondent met with a potential client who represented himself as appearing on behalf of a West African minister. The individual stated that the minister desired to purchase real property in the form of a brownstone, an airplane, and a yacht in the United States and identified the money as "gray money" or "black money." Respondent did not [*2]personally inquire as to the provenance of the money. Although respondent knew that the money was questionable, he informed the individual that he would have to consult with an expert to determine whether the money could be moved anonymously and to make sure that the money was "clean" and not criminally derived. Nonetheless, respondent offered suggestions on how to transfer the money into the United States from other countries in ways that would mask the minister as the ultimate or beneficial owner. He also misrepresented his personal experience and knowledge of the subject matter to keep the potential client interested.
The parties agree on the stipulated facts, including the admission to the acts of professional misconduct and the violation of rules 1.2(d), 8.4(c) and 8.4(h), the relevant factors in mitigation, and on the discipline. The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent and request the imposition of a public censure.
In support of the joint motion for discipline by consent, the parties rely on Matter of Scher (224 AD2d 132 [2d Dept 1996]), Matter of Lesser (217 AD2d 398 [1st Dept 1995]), Matter of Rosales (190 AD2d 214 [2d Dept 1993]), and Matter of Kanarek (33 AD2d 280 [2d Dept 1970]), and agree that the circumstances in those case are analogous here and should be followed. In light of the significant factors in mitigation, including respondent's cooperation, admitted conduct and acceptance of responsibility, and the fact that the misconduct was aberrational and occurred in the context of a single, open-ended conversation during a meeting with a potential client after which respondent took no further steps, the parties agree that a public censure is appropriate.
Accordingly, the parties' motion for discipline by consent should be granted, and respondent is censured. The Committee's separately filed petition of charges should be denied as moot.
All concur.
Order Filed. [September 20, 2018]
Ordered that the parties' motion for discipline by consent is granted, and respondent is publicly censured (M-3174). The Committee's petition of charges is denied as moot (M-1365).